IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LIZZIE M. DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-641-D |
| | ) | |
| DR. HENDRICK, HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On June 23, 2008, Plaintiff filed an unsigned, one-page *pro se* Complaint with the above caption, presumably against Dr. Howard Hendrick, director of the Oklahoma Department of Human Services. Construed liberally as required by *Hall v. Bellmon*, 935 F.2d 1106, 1100 (10th Cir. 1984), the pleading seeks damages of $88,000,000.00 based on alleged acts of harassment against Plaintiff by county employees posing as police officers.[1] Plaintiff alleges these acts were reprisals for prior cases, No. CIV-03-617-HE and No. CIV-07-237-W.[2] As to Dr. Hendrick, however, the Complaint contains a single allegation: "Howard Hendrick failed to protect these women, making the state copeable [sic] also."[3]

---

[1] Plaintiff also alleges harassment of other family members and seeks damages for four other women. These allegations are disregarded because a civil rights claim, if one is intended, "must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

[2] A review of the court records in this district reveals cases with these numbers filed by Bruce Draper against Oklahoma County Sheriff John Whetsel and others.

[3] The Complaint also refers to a civil rights case recently filed against the Department of Human Services in the Northern District of Oklahoma, but the point of this reference is unclear.

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).[4]  To be sufficient under Rule 8(a), "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Padrus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65.  A *pro se* pleading is judged by less stringent standards than one drafted by a lawyer, but a *pro se* party still must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)).

Upon review of the Complaint, the Court finds that Plaintiff's pleading fails to provide the minimal amount of information necessary to satisfy federal pleading requirements.  The Court can neither ascertain a claim for relief against Dr. Hendrick nor determine a basis of subject matter jurisdiction.  Plaintiff's allegation that Dr. Hendrick failed to protect her, presumably from retaliatory conduct of county employees, fails to state a violation of a federal right or to show any other basis for the exercise of federal court jurisdiction.  Further, to the extent Plaintiff seeks to bring a civil rights action under 42 U.S.C. § 1983 (like the Northern District case referenced in her Complaint), no claim for money damages can be asserted against Dr. Hendrick in his official

---

[4] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  <u>1mage Software, Inc. v. Reynolds & Reynolds Co.</u>, 459 F.3d 1044, 1048 (10th Cir. 2006).

capacity as the head of a state agency. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). To the extent she seeks to bring a § 1983 claim against Dr. Hendrick in his personal capacity, she must be assert sufficient allegations to provide fair notice of the basis of her claim against him personally. *See Robbins v. Oklahoma*, 519 F.3d 1242m 1249-50 (10th Cir. 2008).

Plaintiff has been authorized to proceed *in forma pauperis* in this case. In all proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because the Complaint is deficient, this action is subject to dismissal under this provision. In light of Plaintiff's *pro se* status, however, she will be permitted to amend her pleading to state a legally sufficient claim.

Therefore, the Court directs Plaintiff to file an amended complaint not later than July 25, 2008, that complies with Rule 8(a). Failure to comply with this Order will result in the dismissal of this case without further notice.

IT IS SO ORDERED this  7th   day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE